**K&L GATES LLP**
Patrick J. Perrone
One Newark Center, Tenth Floor
Newark, New Jersey 07102
P: (973) 848-4000
F: (973) 848-4001
patrick.perrone@klgates.com
*Attorneys for Defendant Trex Company, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARYN BORGER, MD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TREX COMPANY, INC.,<br><br>Defendant. | Civil Action No. _____<br><br><br>**NOTICE OF REMOVAL**<br><br>Document Filed Electronically |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Trex Company, Inc. ("Trex"), by and through its undersigned attorneys, hereby removes this action from the Superior Court of the State of New Jersey, Essex County, to the United States District Court for the District of New Jersey. In support thereof, Trex states as follows:

1. Plaintiff Caryn Borger, MD ("Plaintiff"), on behalf of herself and all others similarly situated, filed a putative class action Complaint against Trex in the Superior Court of the State of New Jersey, Essex County. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**. Trex was served with a copy of the Complaint and Summons by Federal Express on April 4, 2012. Attached hereto as **Exhibit B** is a true and accurate copy of the Summons received by Trex on April 4, 2012. Thus, in accordance with the requirements of 28 U.S.C. §

1446(b), this Notice of Removal is filed within 30 days after service on Trex of a copy of the Summons and Complaint setting forth the claims for relief upon which removal is based.

## This Class Action Is Removable Pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

2.  This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least 1 putative class member is different from the citizenship of Trex; and (3) the aggregate amount placed in controversy by the claims of the named Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of costs and interest.

### A. The Putative Class Consists of More than 100 Members.

3.  Plaintiff purports to bring this action pursuant to R. 4:32-1, et seq., of the New Jersey Rules of Court on behalf of a class comprised of "[a]ll New Jersey citizens who, through the date of entry of judgment, directly or indirectly, purchased any Trex decking material for any consumer or household use, or who were transferred ownership of the decking material or any structures containing it, where such decking material has exhibited molding or mildewing or other dark spotting, discoloration, streaking, or shadowing, and/or the expression from within of molding or mildewing or other dark spotting, discoloration, streaking, or shadowing."  (Ex. A ¶ 59).

4.  Plaintiff alleges that the "Class is made up of thousands of members." (Id. ¶ 60). (See also id. ¶ 65(e) (alleging that a "class action would be superior to and more efficient than adjudicating thousands of individual lawsuits") (emphasis added)).

5.  Based on these and other allegations, the aggregate number of class members in Plaintiff's proposed state class is at least 100 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

### B. The Minimal Diversity of Citizenship Requirement Is Satisfied.

6. Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant.

7. As alleged in the Complaint, Plaintiff is a citizen of New Jersey. (Ex. A ¶ 7).

8. Trex is incorporated in Delaware and has its principal place of business in Virginia.

9. Thus, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because the citizenship of at least one putative class member, Plaintiff, is different than the citizenship of the only defendant, Trex.

### C. The Amount In Controversy Requirement Under CAFA Is Satisfied.

10. Plaintiff alleges that she purchased Trex decking products for a total cost of $2,191.36 and paid an additional $2,000.00 to have the products installed. (Ex. A ¶ 16).

11. Plaintiff further alleges that the Trex decking products that she and the putative class members purportedly own are defective because they allegedly exhibit "flakes, mold, mildew and discoloration." (Id. ¶ 17).

12. Based on these allegations, Plaintiff asserts six counts against Trex: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) breach of the covenant of good faith and fair dealing; (4) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.; (5) fraudulent concealment/nondisclosure; and (6) fraudulent misrepresentation. (Id. at 15-24).

13. Plaintiff seeks to recover from Trex all alleged compensatory damages. (Id. at 24). Plaintiff alleges that the alleged recoverable compensatory damages include the cost of the Trex decking products, the labor costs associated with installing her decking, the labor costs associated with removing and replacing the allegedly defective materials, the cost of purchasing cleaning products, the cost of disposing of allegedly defective materials, the shipping charges

associated with receiving new decking materials, and the cost of necessary supplies to replace the allegedly defective materials. (Id. ¶¶ 61(h), 74, 78, 79, 102, 120).

14. Plaintiff also seeks the "restitution or refund of all funds acquired by [Trex] from Plaintiff and the Class, and the general public," punitive damages, attorneys' fees, and injunctive relief. (Id. at 25).

15. Although Plaintiff alleges that the "losses for the class members in the aggregate is not greater than and is, in fact, less than five million dollars ($5,000,000)," if Plaintiff received the relief that she seeks on her own behalf and on behalf of the putative class, it is a legal certainty that the recoverable damages would exceed $5,000,000.

16. Assuming that there are only 2,000 putative class members (reading Plaintiff's Complaint conservatively to equate "thousands" of putative class members with 2,000), the potential exposure to Plaintiff and each member of the putative class as defined by Plaintiff only needs to be $2,500 to meet the $5,000,000 amount in controversy threshold set by CAFA.

17. Trex estimates that the average-sized deck measures 400 square feet. (Declaration of Christopher Gerhard ("Gerhard Decl.") ¶ 3).

18. In 2004, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $25,567,119.87. (Id. at ¶ 5).

19. In 2005, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $26,156,267.76. (Id.).

20. In 2006, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $15,877,520.75. (Id.).

21. In 2007, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $22,188,217.58. (Id.).

22. In 2008, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $20,402,494.34. (Id.).

23. In 2009, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $18,031,425.73. (Id.).

24. In 2010, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $24,440,111.70. (Id.).

25. In 2011, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $19,034,627.32. (Id.).

26. Thus, from 2004 to 2011, the amount of Trex decking products sold by Trex in the State of New Jersey had a retail value of approximately $171,697,785.04. (Id.).

27. Based on the cost of Trex decking products per square foot, the retail cost of Trex decking products necessary to build an average sized deck (i.e., a deck measuring 400 square feet) is approximately $2,200. (Id. ¶ 4).

28. Based on the cost of purchasing Trex decking products necessary to build an average sized deck and the total retail value of Trex decking products sold in New Jersey from 2004 to 2011, Trex estimates that the number of decks built in New Jersey during the years at issue are 78,044 ($171,697,785.04 divided by $2,200). (Id. ¶ 6).

*Cost of Purchasing Trex Decking Products*

29. Plaintiff alleges that she paid $2,191.36 for the Trex decking materials at issue in this action. (Ex. A ¶ 16).

30. As stated above, based on the cost of Trex decking products per square foot, the retail cost of Trex decking products necessary to build an average sized deck (i.e., a deck measuring 400 square feet) is approximately $2,200. (Gerhard Decl. ¶ 4).

31.     Thus, assuming that the putative class consists of only 2,000 members, the alleged compensatory damages recoverable for the cost of purchasing the decking products alone total approximately $4,400,000 ($2,200 multiplied by 2,000).

32.     Assuming that the putative class consists of 78,044 members, the alleged compensatory damages recoverable for the cost of purchasing the decking products alone total approximately $171,696,800 ($2,200 multiplied by 78,044).

*Labor Costs Associated with Installing the Trex Decking Products and Replacing the Allegedly Defective Products with New Trex Decking*

33.     Plaintiff alleges that she paid $2,000.00 to have the products at issue in this case installed. (Ex. A ¶ 16).

34.     It is reasonable to assume that the cost of replacing Plaintiff's allegedly defective products with new Trex decking products would also cost approximately $2,000.00, without taking into account additional labor costs associated with removing the allegedly defective decking products.

35.     Trex estimates that the average cost of labor to install Trex decking materials on an existing frame is $8.00 a square foot, which is equal to $3,200 for a 400 square foot deck. (Gerhard Decl. ¶ 7).

36.     Thus, the minimum labor costs associated with replacing the putative class members' allegedly defective decking materials with new Trex decking materials would total $3,200 on average, without taking into account additional labor costs associated with removing the allegedly defective decking materials.

37.     Using Plaintiff's alleged labor costs (rather than Trex's higher estimate of labor costs), the cost of labor replacing the allegedly defective decking materials with new Trex materials for

a putative class consisting of 2,000 members totals approximately $4,000,000 ($2,000 for each putative class member in a class consisting of 2,000 members).

38. Assuming that the putative class consists of 78,044 members, the cost of labor replacing the allegedly defective decking materials with new Trex materials totals approximately $156,088,000 ($2,000 multiplied by 78,044).

*Treble Damages*

39. Treble damages are available under the New Jersey Consumer Fraud Act and, accordingly, should be taken into account when determining whether the amount in controversy has been met. See N.J.S.A. 56:8-19 (permitting recovery of treble damages); Lawton v. Basic Research, LLC, No. 10-6341(NLH)(AMD), 2011 WL 1321567, *3 (D.N.J. Apr. 4, 2011) (considering treble damages under Consumer Fraud Act when calculating amount in controversy). See also Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007) (considering punitive damages when calculating amount in controversy).

40. Taking into account only the cost of purchasing the allegedly defective Trex materials (approx. $2,200), Plaintiff's alleged labor costs to replace the decking materials with new decking materials ($2,000), the total recoverable compensatory damages are approximately $4,200 for each putative class member. For a class consisting of 2,000 members, the total damages would be approximately $8,400,000.

41. Using these figures, trebling the recoverable damages would entitle each putative class member to approximately $12,600, which totals $25,200,000 for a class consisting of 2,000 members.

42. Assuming that the putative class consists of 78,044 members, trebling the recoverable damages would total $983,354,400.

*Attorneys' Fees*

43.     Because attorneys' fees are recoverable under the Consumer Fraud Act, attorneys' fees are also considered when calculating the amount in controversy.  See N.J.S.A. 56:8-19; Frederico, 507 F.3d at 199.

44.     When calculating attorneys' fees for the purposes of determining whether CAFA's amount in controversy is met, the courts in the Third Circuit estimate that attorneys' fees will total between 27% and 30% of the total damages.  Frederico, 507 F.3d at 199 (estimating attorneys' fees in the range of 27% to 30% and calculating amount in controversy using 30% figure); Lewis v. Ford Motor Co., 610 F. Supp. 2d 476, 486 (W.D. Pa. 2009) (same); Faltaous v. Johnson & Johnson, No. 07-1572(JLL), 2007 WL 3256833, *11 (D.N.J. Nov. 5, 2007) (estimating "attorney fee recovery of 30%" to determine amount in controversy).

45.     Assuming recoverable compensatory damages of $4,200 per putative class member, which are then trebled to $12,600, each putative class member would be entitled to attorneys' fees of $3,780 (based on the 30% figure used by the courts in the Third Circuit to calculate attorneys' fees).  For a class consisting of 2,000 members, the attorneys' fees would total $7,560,000.

46.      Assuming that the putative class consists of 78,044 members, the attorneys' fees would total $295,006,320.

*Total Recoverable Damages*

47.     Thus, if Plaintiff were to succeed on the claims asserted on her own behalf and on behalf of the class, each putative class member would be entitled to damages of approximately $16,380 ($4,200 in compensatory damages trebled plus attorneys' fees of 30%).  This far exceeds the $2,500 per class member needed to establish the amount in controversy for 2,000 class members

(the total recovery for an entire putative class consisting of 2,000 members would be $32,760,000, which is obviously greater than $5,000,000).

48. For a putative class consisting of 78,044 members, the total recovery would be $1,278,360,720 ($16,380 multiplied by 78,044).

49. Thus, because there is minimal diversity between the parties and because the $5,000,000 amount in controversy requirement is satisfied, this case is properly removed pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453.

50. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of the State of New Jersey, Essex County, and served upon counsel for Plaintiff.

51. In filing this Notice of Removal, Trex does not waive, and specifically reserves, all defenses, exceptions, rights, and motions.  No statement herein or omission herefrom shall be deemed to constitute an admission by Trex of any of the allegations of or damages sought in the Complaint.

WHEREFORE, defendant Trex respectfully gives notice of the removal of the state action referenced herein from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Dated: May 1, 2012

        **K&L GATES LLP**
        *Attorneys for Defendant Trex Company, Inc.*

By:    /s/ Patrick J. Perrone_____
        Patrick J. Perrone
        Loly G. Tor
        One Newark Center, Tenth Floor
        Newark, New Jersey 07102-5285
        T: (973) 848-4000
        F: (973) 848-4001
        patrick.perrone@klgates.com
        loly.tor@klgates.com

## LOCAL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy in this action is the subject of another action pending in the United States District Court for the Northern District of California styled *Mahan, et al. v. Trex Company, Inc.*, Docket No. CV 09-00670-JSW.  I further certify that the matter in controversy in this action is not the subject of any other action pending in any Court (other than the state court action removed hereby) or of any pending arbitration or administrative proceeding.

/s/ Patrick J. Perrone

Dated:  May 1, 2012